*—: trespassing roots of trees: substantial damage.*

---

MARGARET E. WATSON, Respondent, v. THE CITY OF COLUMBIA, Appellant.

Kansas City Court of Appeals, December 5, 1898.

Evidence: CHANGING STREET GRADE: FORMER CHANGE. In an action for damages resulting from a change of a grade in a street at a given time, the property holder can not put in evidence the fact of a former change of grade with the expenses attendant thereon.

*Appeal from the Boone Circuit Court.*—HON J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

TURNER & HINTON and N. T. GENTRY for appellant.

The court admitted illegal and incompetent evidence.

C. B. SEBASTIAN, E. M. WATSON for respondent.

It was perfectly competent for plaintiff to prove that, after the street was graded the first time, she made improvements upon her property to conform to the grade as it then existed. It was necessary to show this to make apparent the damages caused by the grading involved in this suit. The statement that she paid for making this adjustment of her property to the then existing grade, and not the city, was rightly admitted. Assuredly the defendant was not injured in any manner by it. The jury could not possibly, under the instructions, have misunderstood the issue submitted to them. The damages were so plainly limited to those caused by the grading in October, 1896, that no one could possibly have been misled.

GILL, J.—The plaintiff, Mrs. Watson, sued the defendant, city of Columbia, for alleged damages done her residence property abutting on Ninth, Tenth and Locust streets, by reason of a reduction of the grade thereon in October, 1896. The lot in question lies two hundred and forty feet along the north line of Locust street, fronting west seventy-two feet on Ninth street and a like frontage east on Tenth street. It contains two buildings—one, the main residence, located at the Ninth street front, and the other, a cottage, at the west or Tenth street end. The surface

of the ground on these streets was reduced from one to three feet below the former grade. There was a trial by jury, resulting in a verdict and judgment in plaintiff's favor for $850, and defendant appealed.

The errors assigned relate to instructions given at the instance of the plaintiff, and the admission of certain evidence. As to the instructions we discover no error; when they are all read together as one charge they seem to present the law fully and fairly to the jury. The court, however, committed reversible error in permitting Mrs. Watson, the plaintiff, to testify over the defendant's objections as to the damage and inconvenience she had suffered from a previous grading of the streets in question. In giving her testimony, plaintiff told the jury that some eight or ten years before the grading here complained of the city had changed the grade of Locust and Ninth streets, and that in order to conform her property to such changed grade she had been put to large expense and much trouble in reducing the surface of the yard, in fixing steps, in replacing trees and the like; that such prior grading made it inconvenient and impracticable to get coal into the plaintiff's premises—all of which imposed on her large expense and trouble, and for which she had never been compensated.

The admission of this evidence was clearly erroneous. It pertained to matters not in issue in the present action, and was calculated to prejudice the jury and cause them to increase the allowance for the last grading. For aught that here appears it may be that the verdict of $850 was due largely to an allowance by the jury for the former change of grade. The defendant introduced many witnesses to the effect that the last grading did no damage to plaintiff's property.

The judgment must be reversed and cause remanded. All concur.